IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC FIERRO,

    Petitioner,

v.                                                               CIV 17-0738 JCH/KBM

R.C. SMITH, *Warden*,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

# **MEMORANDUM OPINION AND ORDER DENYING**
# **MOTIONS FOR CONSOLIDATION AND TO APPOINT COUNSEL**

Before the Court is Petitioner Eric Fierro's Motion for a Joinder for Habeas Corpus. (Doc. 9). Petitioner appears to seek consolidation of his two 28 U.S.C. § 2254 habeas corpus proceedings pending before this Court. Also before the Court is Petitioner's Motion Requesting the Appointment of Counsel in connection with those proceedings. (Doc. 14). For the reasons below, the Court will deny both Motions.

**I.**     **Background**

Petitioner is an inmate at the Lea County Correctional Facility. He filed two § 2254 petitions this summer challenging two separate criminal convictions. In case no. 17-cv-0832 KG/CG, Petitioner challenges his state court conviction for two counts of criminal sexual penetration in New Mexico's Thirteenth Judicial District Court. *See State v. Fierro*, D-1329-CR-2008-00611) (the "Thirteenth Judicial Conviction").[1] Petitioner was convicted in

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand");

2010 following a bench trial in Sandoval County, New Mexico and sentenced to nine years imprisonment. *See* Doc. 1 in 17-cv-0832 KG/CG; Findings, Conclusions, and Order entered December 1, 2010 in D-1329-CR-200800611; Judgment entered December 1, 2010 in D-1329-CR-200800611. Petitioner seeks relief from the Thirteenth Judicial Conviction based on speedy trial violations, lack of jurisdiction, and insufficient evidence. *See* Doc. 1 in case no. 17-cv-0832 KG/CG.

In this case (17-cv-0738 JCH/KBM), Petitioner challenges his state court conviction for 28 counts of criminal sexual penetration and two counts of bribery of a witness in New Mexico's Second Judicial District Court. *See State v. Fierro*, D-202-CR-2004-02692) (the "Second Judicial Conviction"). Petitioner was convicted in 2009 following a jury trial in Bernalillo County, New Mexico and sentenced to 198 years imprisonment. *See* Doc. 1 in 17-cv-0738; Verdicts entered February 4, 2009 in D-202-CR-2004-0269; Judgment entered March 25, 2009 in D-202-CR-2004-0269. Petitioner seeks relief under § 2254 based on alleged speedy trial violations, denial of the right to self-representation, actual innocence, evidentiary issues, double jeopardy, and ineffective assistance of counsel. *See* Doc. 1 in 17-cv-0738.

Petitioner asserts the two § 2254 proceedings should be consolidated because "there has been a big mix up with the Court filing." *See* Doc. 9 at 1 in 17-cv-0738. According to Petitioner, all information relevant both habeas petitions has been filed in case no. 17-cv-0832 KG/CG. *Id.* Petitioner also asks the Court to appoint counsel in case no. 17-cv-0738 JCH/KBM. *See* Doc. 14 in 17-cv-0738. As grounds, Petitioner argues the public defender "appointed to [his] [criminal] case did not properly raise all the issues in my case." *Id*.

---

*Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

## II. Discussion

### A. *Consolidation*

Consolidation of actions is governed by Fed. R. Civ. P. 42(a). Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." The decision whether to consolidate actions is discretionary. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Relevant considerations include whether consolidation would promote convenience, expedition, and economy while affording justice to the parties. *Id.; Servants of the Paraclete v. Great American Insurance Co.,* 866 F. Supp. 1560, 1572 (D.N.M. 1994).

Petitioner's habeas proceedings do not involve common questions of law or fact. He challenges separate criminal convictions, the cases were tried in separate counties, and the petitions raise different grounds for habeas relief. The Court has also carefully reviewed the docket entries in both cases, and it does not appear that any documents have been filed in the wrong proceeding. Petitioner labeled each document with the relevant case number, and the arguments/requests for relief in each motion appear to pertain to the correct § 2254 petition. Therefore, no grounds exist for consolidation, and the Court will deny the Motion for Joinder (Doc. 9).

### B. *Appointment of Counsel in Case No. 17-cv-738.*

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is warranted, "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams*

*v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (internal citations omitted).

Considering the above factors, the Court is not convinced that counsel should be appointed at this time. The claims are not particularly unusual or complex, and it is at least questionable whether Petitioner will prevail on the facts alleged. Further, beyond citing issues with his former counsel, Petitioner has not demonstrated an inability to prosecute the habeas petition. The Motion Requesting the Appointment of Counsel will therefore be denied.

IT IS ORDERED that the Motion for a Joinder for Habeas Corpus (Doc. 9) and the Motion Requesting the Appointment of Counsel (Doc. 14) are DENIED.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE