IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC FIERRO,

    Petitioner,

v.                                                                                    CIV. No. 17-738 JCH/KBM

GEORGE STEPHENSON, Warden
and RAUL TORREZ, Attorney General for the
State of New Mexico,

    Respondents.

## MEMORANDUM ORDER AND OPINION

This matter is before the Court on *Petitioner's Motion for Relief from Judgment* (the "Petition") (ECF No. 53). Petitioner, Eric Fierro, asks the Court to vacate its decision to dismiss his 28 U.S.C. § 2254 habeas corpus petition and to reopen his case because he alleges that he has discovered new evidence of fraud in his state proceedings. The Court will deny the request to reopen and will dismiss the Petition for lack of jurisdiction as an unauthorized second or successive § 2254 petition.

## BACKGROUND

In 2009, Petitioner was convicted of eight counts of criminal sexual penetration in the first degree, sixteen counts of criminal sexual penetration in the second degree, three counts of criminal sexual penetration in the third degree, and two counts of bribery of a witness, all stemming from his on-going sexual abuse of his stepdaughter. *See* Proposed Findings of Fact and Recommended Disposition ("PF&RD") 2, ECF No. 34. He was sentenced to 198 years of imprisonment. *Id.* Petitioner filed his first 28 U.S.C. § 2254 petition with this Court in 2017, asserting seven grounds

for relief: (1) denial of right to a speedy trial; (2) denial of right to self-representation; (3) actual innocence; (4) Brady violation; (5) violation of double jeopardy; (6) ineffective assistance of counsel; and (7) witness intimidation. *See* Pet. 1, ECF No. 1. As is relevant here, Petitioner argued that he was denied his constitutional right to a speedy trial because he was indicted in 2004 but not tried until 2009. *Id.* His trial had been continued multiple times when then-Justice Bosson of the New Mexico Supreme Court ordered a firm trial date of June 23, 2008, noting the "shameful record" of continuances in Petitioner's case and that the setting would not be continued, extended, or changed without his express concurrence. *See* Answer to Inmate Pet. Ex. T1, at 38, ECF No. 23-2. Notwithstanding the firm setting, the trial did not begin until August 18, 2008. *See* PF&RD 2, ECF No. 34. That proceeding ended in a mistrial, with the retrial commencing on January 12, 2009, and concluding on February 4, 2009. *See* Answer to Inmate Pet. 2, ECF No. 23.

This Court denied Petitioner's 28 U.S.C. § 2254 petition finding that all claims lacked merit. *See* Order Adopting PF&RD 3, ECF No. 41. Petitioner filed an application for a certificate of appealability with the Tenth Circuit arguing again that he was denied a speedy trial and that Justice Bosson's order setting a firm trial date of June 23, 2008, divested the district court of jurisdiction to hold a trial after that date. *See* Resp. Ex. A, at 4-5, ECF No. 54-1. The Tenth Circuit denied a certificate of appealability and dismissed the appeal on April 1, 2019. *See id.* Ex. B, at 39. Since then, Petitioner has filed four state habeas petitions each arguing the same, and each dismissed by the state district court. *See generally id.* Exs. D, G, & I.

Petitioner now contends (in a fifth state habeas petition currently pending in state court and incorporated by reference into this motion) that he has discovered evidence of a conspiracy between the New Mexico Supreme Court, his trial judge, the 2nd Judicial District Attorney's Office, and the Public Defender's Office, amounting to fraud that would require he be relieved of

2

this Court's final judgment against him. *See* Pet'r's Mot. 7-8, ECF No. 53. Petitioner discovered the alleged conspiracy as follows. In 2021, Petitioner filed a disciplinary complaint against his public defender and the prosecutor in his case, alleging that they disobeyed Justice Bosson's final order setting the trial date. *See id.* Ex. A, at 15. The Disciplinary Board dismissed his complaint, noting that his public defender and the prosecutor provided the Disciplinary Board with a second order by Justice Bosson (the "Amended Order") that was not made part of the lower court record, and which extended the deadline for his trial to October 10, 2008. *See* Resp. Ex. J, at 197, ECF No. 54-1. Accordingly, the Disciplinary Board concluded that the initial trial was held before this date, and because a mistrial was declared, the clock for his trial started anew and his constitutional rights were not denied when he was finally tried in January 2009. *See id.* Petitioner requested a copy of this Amended Order from the New Mexico Supreme Court pursuant to New Mexico's Inspection of Public Records Act ("IPRA"), but the records custodian was unable to locate the document. *See* Pet'r's Mot. 56, ECF No. 53.

Petitioner then filed a second disciplinary complaint against his public defender and prosecutor alleging that because the Amended Order could not be located, it was fabricated and fraudulent. *See id.* at 34. The Disciplinary Board again dismissed the complaint, noting that the copy of the Amended Order provided by the prosecutor was certified by the court clerk at the time. *See id.* As such, there was no way to prove the Amended Order had been fabricated. *See id.* Petitioner then sued the records custodian who moved for summary judgment, which the court granted on June 9, 2022. *See* Resp. Ex. J, at 193 & Ex. K, at 200, ECF No. 54-1. In her motion for summary judgment, the records custodian admitted that she could not explain the whereabouts of the Amended Order but noted that documents do occasionally get lost at the courts. *See id.* Ex. L, at 233. According to Petitioner, that the Amended Order was lost or was never filed with the New

Mexico Supreme Court means that the Amended Order was fabricated. *See* Pet'r's Mot. 7, ECF No. 53. Now, Petitioner moves for relief from this Court's judgment, arguing that the allegedly fabricated Amended Order is evidence of a greater conspiracy amounting to fraud under Rule 60(b) of the Federal Rules of Civil Procedure. *See id.* at 2-3.

**ANALYSIS**

As an initial matter, this Court must determine whether Petitioner's request to reopen is a true Rule 60(b) motion to reopen or reconsider or rather, a second or successive habeas petition over which the Court lacks jurisdiction absent prior authorization from the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). To distinguish between a true motion to reopen or reconsider and a second or successive habeas petition, a court must focus on the "relief sought, not [the] pleading's title." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). If the petitioner "seeks to add a new ground for relief from the state conviction" or sentence, their claim is considered a successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). The same is true if the motion claims that the federal court erred in ruling on the merits of the habeas corpus petition. *See id.* at 524-25. However, a pleading will not be treated as a second or successive habeas petition if it attacks only a procedural ruling of the federal court that ruled on the habeas motion or challenges a defect in the integrity of the federal habeas proceeding, as long as that challenge is not inextricably intertwined with a merits-based attack on the disposition of the federal habeas proceeding. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006). Movants seeking relief under Rule 60(b) are required to show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535.

Here, Petitioner's motion to reopen hinges on a claim of fraud—specifically, that several parties involved in his trial conspired to delay his trial beyond the date ordered by Justice Bosson, denying him his constitutional right to a speedy trial. The Tenth Circuit has identified a motion seeking leave to present newly discovered evidence to advance the merits of a claim previously denied as an example of a motion to reopen that should be considered a second or successive habeas petition. *See Spitznas*, 464 F.3d at 1216. But it also called for a more nuanced analysis when that new evidence relates to alleged fraud. *Id.* Whether the pleading should be treated as a true motion to reopen depends on the type of fraud petitioner alleges. *Id.* If the claim alleges fraud solely on the federal habeas court, then the motion is a true motion to reopen. *Id.* Alternatively, if the alleged fraud on the habeas court includes or implies fraud on the state court, then the motion will be treated as a second or successive habeas petition, "because any ruling would inextricably challenge the underlying conviction proceeding." *Id.* Here, the entirety of Petitioner's claim is alleged fraud relating to his state court proceedings. Accordingly, the motion will be treated as a second or successive habeas petition.[1]

28 U.S.C. § 2244(b) outlines the requirements for second or successive habeas petitions. First, any claim already adjudicated in a previous petition must be dismissed. 28 U.S.C. § 2244(b)(1). Second, any claim that was not presented in a prior application must also be dismissed unless the petitioner shows that the claim relies on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. *Id.* § 2244(b)(2). Finally, the petitioner needs pre-authorization in the form of a circuit determination that the second or successive petition raises a new claim that satisfies the aforementioned requirements. *Id.*

---

[1] Because this Court finds that the motion is actually a second or successive habeas petition, the Court need not address Respondent's arguments that the Rule 60(b) motion is untimely and premature due to the time limit imposed on Rule 60 motions and Petitioner's state habeas proceedings occurring simultaneously.

§ 2244(b)(3)(a); *Gonzalez*, 545 U.S. at 529; *Thompson v. United States*, 405 F. Supp. 3d 1102, 1106 (D.N.M. 2019). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals (as was done here), the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631, or it may dismiss the petition for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) ("Where there is no risk that a meritorious successive claim will be lost absent . . . transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization."); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). Factors that a district court should consider when determining whether to transfer an action or appeal to another court include,

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline,* 531 F.3d at 1251.

The current Petition is Petitioner's second with this Court and is not accompanied by an authorizing order from the Tenth Circuit. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss the Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds it is not in the interest of justice to transfer the proceeding as Petitioner's alleged claim of fraud is not likely to have merit.

Further, Petitioner fails to establish any grounds that would permit him to proceed on a second or successive petition, as he has not put forth a claim that relies on a new and retroactive rule of constitutional law, or new facts showing a high probability of his actual innocence. *See* 28 U.S.C. § 2244(b)(2). The Court declines to transfer the Petition to the Tenth Circuit and will

dismiss it for lack of jurisdiction. *See Coleman*, 106 F.3d at 341. Under Rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability. *See* R. Governing Section 2254 Cases 11; 28 U.S.C. § 2253(c)(2) (noting that certificate of appealability may only be issued if "applicant has made a substantial showing of the denial of a constitutional right"); *Thompson v. United States*, 405 F. Supp. 3d 1102, 1107 (D.N.M. 2019).

**IT IS THEREFORE ORDERED** that Petitioner Fierro's request to reopen is denied, the *Petitioner's Motion for Relief from Judgment* (ECF No. 53), which the Court construes as a second or successive § 2254 petition, is **DISMISSED** for lack of jurisdiction, and a certificate of appealability is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE